## Vocca, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Automobiles—Railroads — Contributory negligence —Guest—Testing danger.*

1. It cannot be said as a matter of law that a guest or passenger in a vehicle is guilty of negligence because he has done nothing. In many such cases the right degree of caution may consist of inaction. In situations of great and sudden peril, meddlesome interference with those having control, either by physical act or by disturbing suggestions and needless warnings, may be exceedingly disastrous in results.

2. In an action to recover damages for personal injuries sustained by the plaintiff in a collision between plaintiff's automobile and a railroad train, it appeared that plaintiff, a clergyman, was riding in the automobile as a guest of one of his parishioners who had sent the automobile for him. The automobile was driven by the chauffeur of the parishioner. The collision was the result of joint negligence in the operation of the train and the automobile. Both the plaintiff and the chauffeur were familiar with the streets over which they were to pass and both knew of the railroad crossing where the accident occurred. There was evidence that plaintiff when about 100 feet from the railroad track heard a noise which seemed to him the noise of an approaching train; that the driver was then going about fifteen or twenty miles an hour; that plaintiff called to him to stop—which call the driver said he did not hear—and the next thing plaintiff knew the automobile was in

collision with the car. The lower court entered a compulsory non-suit. *Held,* error, and that the case was properly for the jury.

Argued May 7, 1917. Appeal, No. 140, Jan. T., 1917, by plaintiff, from order of C. P. Fayette County, Dec. T., 1914, No. 557, refusing motion to strike off compulsory nonsuit in case of James A. Vocca v. Pennsylvania Railroad Company, a corporation. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injury.

The facts appear in the opinion of the Supreme Court. Before REPPERT, J.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*H. S. Dumbauld,* for appellant.—The negligence of the driver could not be imputed to the passenger: Carlisle Borough v. Brisbane, 113 Pa. 544; Senft v. Western Maryland Ry. Co., 246 Pa. 446; Shultz v. Old Colony St. Ry. Co., 193 Mass. 309 (79 N. E. 873); Chadbourne v. Springfield St. Ry. Co., 199 Mass. 574 (85 N. E. Repr. 737); Carr v. City of Easton, 142 Pa. 139; Wachsmith v. Baltimore & Ohio R. R. Co., 233 Pa. 465; McLaughlin v. Pittsburgh Rys. Co., 252 Pa. 32.

*R. W. Playford,* for appellee, cited: Crescent Twp. v. Anderson, 114 Pa. 643; Dean v. Penna. R. R. Co., 129 Pa. 514; Dunlap v. Philadelphia Rapid Transit Co., 248 Pa. 130.

OPINION BY MR. JUSTICE STEWART, June 30, 1917:

The plaintiff, a clergyman, was advised over the 'phone of the severe illness of a parishioner, and that his pastoral services without delay were requested. He was ad-

vised at the same time that an automobile would be sent to bring him to the appointed place. Very promptly the automobile—the property of the married daughter of the invalid with whom the latter was making her home—arrived in charge of the daughter's chauffeur, an experienced driver. The clergyman and the driver were the sole occupants of the car when it started on its return, the clergyman sitting in the seat to the rear. Both were familiar with the streets over which they were to pass, and both knew of a railroad crossing that they would encounter on their way. The surroundings of this crossing gave little opportunity to see an approaching train on the railroad. On this occasion a train approached the crossing without having given any signal, and at the same time the chauffeur approached it with his car without stopping, looking or listening, with the result that a collision occurred in which the automobile was wrecked totally, and the clergyman received more or less injury, while the driver escaped unhurt. The plaintiff brought the present action to recover compensation for his injuries. The court below directed a nonsuit on the ground that his own negligence had contributed to the accident.

In his opinion filed the learned trial judge says: "The chauffeur was admittedly negligent. The plaintiff, in the face of a danger which was not only known to him, but of which he was then apprehensive, voluntarily committed himself and his safety to the driver of the car, and, as was said in Dean v. Pennsylvania R. R. Co., 129 Pa. 514, he joined the driver in testing the danger, and he is responsible for his own act." A verdict to this same effect would not have called for the court's interference. As much could be said of a verdict to the contrary. This is but another way of saying that the facts were for the jury and not for the court. The plaintiff was a guest in the automobile in which he was riding when the accident occurred; he was no more in control of the car than he would have been of the owner's house had he been a guest

therein.  He was where he was by invitation of the
owner.  Whatever the negligence of the driver, the own-
er's servant, it could not be imputed to the plaintiff, ex-
cept as some express sanction by him of the driver's
negligence appears, or circumstances showing clearly
that plaintiff was in position to see and know the danger
himself and made no effort to protect himself.  Certainly
no express sanction by the plaintiff of the driver's negli-
gence can be derived from the evidence, and the case is
reduced to the single question whether, under all the
circumstances as presented in the evidence, the plaintiff
made reasonable effort to protect himself.

A very well considered case which bears directly upon
the point, and which we may here cite approvingly, is
Hermann v. Rhode Island Co., 36 R. I. 447.  We quote
therefrom as follows (p. 450) : "It cannot be said as a
matter of law that such a guest or passenger is guilty of
negligence because he has done nothing.  In many such
cases the right degree of caution may consist of inaction.
In situations of great and sudden peril, meddlesome in-
terference with those having control, either by physical
act or by disturbing suggestions and needless warnings,
may be exceedingly disastrous in results.  While it is
the duty of such guest or passenger not to submit himself
and his safety solely to the prudence of the driver of the
vehicle, and that he must himself use reasonable care
for his own safety, nevertheless he should not in any
case be held guilty of contributory negligence merely be-
cause he has done nothing.  If there be threatened
danger which is known to the passenger and unobserved
by the driver, the passenger would be guilty of negligence
if he failed to notify and warn the driver; also, if the
driver be careless or reckless in his conduct and this is
known to the passenger, and there be reasonable oppor-
tunity to do so, it would be the passenger's duty to cau-
tion the driver and remonstrate with him, and if the lat-
ter persisted in his improper conduct, to leave the ve-

hicle; but manifestly that would not be possible nor could it be required in every case."

All we have before us in the present case, in addition to what we have referred, is that plaintiff, when about 100 feet from the railroad track, heard a noise which seemed to him the noise of an approaching train; that the driver was then going about 15 or 20 miles an hour; that he called to him to stop—which call the driver says he did not hear—and the next thing he knew the automobile was in collision with the car. It may be a close case on its facts, but in the absence of any fixed legal standard of duty, it is, we think, for the jury to say whether under the facts the plaintiff was chargeable with negligence in failing to do something that a reasonably prudent and cautious man would have done in order to avoid the injury. At the conclusion of plaintiff's case, the court directed a nonsuit which it subsequently declined to remove. In this we think was error. The case was for the jury. The assignment of error is sustained and the judgment is reversed with a procedendo.