## Carbaugh *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Automobile—Collision—Grade crossing —Death of passenger in automobile—Former recovery by driver of automobile—Contributory negligence of passenger—Imputed negligence—Interference with driver — Increase of danger — Case for jury.*

1. In an action to recover for death of plaintiff's wife, a passenger seated in the tonneau of an automobile at the time of its collision with a train at a railroad grade crossing, she could not be declared guilty of contributory negligence in joining with the driver in testing a manifest danger where there was a verdict in favor of the driver of the automobile in his action against the defendant tried with the present case, such verdict establishing the fact that the driver stopped, looked and listened and that no train was in sight or hearing.

2. In such case, assuming deceased saw or was bound to see the approaching train, since the driver also saw it there was no necessity for interference by her with the operation of the car, as such interference might only have served to increase the danger.

Argued June 5, 1918.   Appeal, No. 68, Jan. T., 1918, by defendant, from judgment of C. P. Cumberland Co., Nov. T., 1916, No. 33, on verdict for plaintiff in case of Cyrus A. Carbaugh v. Philadelphia & Reading Rail-

way Company.    Before BROWN, C. J., MOSCHZISKER,
FRAZER, WALLING and SIMPSON, JJ.    Affirmed.

Trespass for death of plaintiff's wife.    Before SADLER,
P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,500 and judgment thereon.
Defendant appealed.

*Error assigned,* among others, was in refusing defend-
ant's motion for judgment non obstante veredicto.

*J. W. Wetzel,* for appellant.

*Edmund C. Wingerd* and *Joseph P. McKeehan,* with
them *D. Edward Long,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:

This suit arose out of the accident referred to and
described in the opinion in Wingert v. Philadelphia &
Reading Railway Company, herewith filed.    Plaintiff is
the husband of Mrs. Carbaugh, one of the victims of the
accident, who was riding in the automobile driven by
Wingert, the plaintiff in the case above mentioned.    She
occupied the rear seat of the car, with two other women
and a child.    Defendant contends deceased failed in her
duty to look and listen for an approaching train, and
thereby joined with the driver in testing a danger cer-
tainly apparent to her had she exercised due care.    The
verdict in the action by the driver of the automobile
against this defendant, which was tried with the present
suit, establishes the fact that he stopped, looked and
listened and that no train at the time was within sight
or hearing; hence, there was no manifest danger to test.
Assuming, however, deceased saw or was bound to see
the approaching train at the moment it rounded the
curve, the driver also saw it, and there was neither oc-

casion nor necessity for interference by her with the operation of the car, and to have done so might only have served to increase the danger: Vocca v. R. R., 259 Pa. 42.

The judgment is affirmed.