# Black v. Mark, Appellant.

*Negligence—Contributory negligence — Automobiles — Collision at crossing—Rule of road—Act of June 30, 1919, P. L. 678.*

1. It is the duty of the driver of an automobile in approaching a crossing to have his car under full control and observe if vehicles are approaching on the intersecting street, and in case a car or truck is first at the crossing, that vehicle must be given an opportunity to cross the intersecting street, and due care used to avoid collision.

2. Under the Act of June 30, 1919, P. L. 678, if both cars reach the crossing at the same time, the one approaching from the right is entitled to the right of way, and the other must if necessary, stop and permit the one having the right of way to pass.

3. Where there is a collision between two automobiles at a crossing, and the evidence is conflicting as to the negligence and contributory negligence of the parties respectively, the case is for the jury.

Argued January 9, 1922. Appeal, No. 102, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1920, No. 3663, on verdict for plaintiff, in case of James B. Black v. Adolph Mark. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned*, inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Harry M. Miller*, for appellant.

*Michael D. Hayes*, with him *Francis M. McAdams* and *William H. Wilson*, for appellee.

PER CURIAM, February 20, 1922:

Plaintiff's action is to recover damages for injuries received, at the intersection of Montgomery Avenue and Broad Street, Philadelphia, in a collision between an auto truck owned by him and upon which he was riding and an automobile driven by defendant. The accident happened at seven o'clock in the evening of November 25, 1919. It was raining at the time, the streets were to some extent covered with sleet and the night "somewhat foggy." Plaintiff's truck was traveling west on Montgomery Avenue and defendant's auto north on Broad Street. The testimony as to the circumstances of the accident is quite conflicting. That of plaintiff and his witnesses would excuse him of negligence, and charge defendant with carelessness in operating his car. On the other hand, defendant's evidence would fix the blame for the accident on plaintiff's driver. The width of the driveway on Broad Street, which runs north and south, at its intersection with Montgomery Avenue, is fifty-seven feet and that of Montgomery Avenue, which runs east and west, is twenty-six feet. The intersection of the two streets is directly lighted by two large electric lights and further illuminated by electrical signs which afforded each party ample opportunity to see the one having the right of way and avoid the collision.

The law applicable to accidents at street intersections is clear and well settled. "It is the duty of the driver of an automobile in approaching a crossing to have his car under full control and observe if vehicles are approaching on the intersecting street, and, in case a car or truck is first at the crossing, that vehicle must be given an opportunity to cross the intersecting street and due care used to avoid collision": Simon v. Lit Bros., Inc., 264 Pa. 121. If both cars reach the crossing at the same time the one approaching from the right is entitled to the right of way and the other must, if necessary, stop and permit the one having the right of way to pass in safety. Act of June 30, 1919, P. L. 678. The trial judge

stated the law as above indicated in a full and fair charge and the jury, whose duty it was to pass upon the conflicting testimony, by its verdict, found defendant's neglect resulted in the accident. See also Weber v. Greenebaum, 270 Pa. 382.

The assignments of error are overruled and the judgment is affirmed.