# Swift *v.* Corrado, Appellant.

*Negligence — Automobiles — Collision—Right of way—Looking for traffic—Case for jury—Act of June 14, 1923, P. L. 718.*

1. The Act of June 14, 1923, P. L. 718, means that where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision.

2. Such driver having the right of way is not bound to anticipate that the other driver will be negligent and not have his car under control.

3. A driver coming from the east who is first at a crossing and thus has the right of way against northbound traffic, is not required to look constantly to the left when he must specially watch for southbound traffic having the right of way.

*Trial—Improper testimony—Speed—Withdrawal of juror.*

4. Where a plaintiff in an automobile collision case makes an exaggerated statement as to defendant's speed, and the trial judge directs the statement to be stricken from the record and instructs the jury to disregard it, he commits no error in refusing to withdraw a juror.

Argued March 13, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 69, March T., 1928, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1923, No. 577½, on verdict for plaintiff, in case of Samuel Swift v. Gaetano Corrado. Affirmed.

Trespass for personal injuries. Before MORROW, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,404. Defendant appealed.

*Errors assigned,* inter alia, were refusal to withdraw a juror, and refusal of defendant's motion for judgment n. o. v., quoting record.

*H. S. Dumbauld,* with him *Sterling, Higbee & Matthews,* for appellant, cited, on the motion to withdraw a juror: Hale v. Hale, 32 Pa. Superior Ct. 37; Schaeffer v. Kreitzer, 6 Bin. 430; Smith v. Lancaster, 7 Phila. 120; Gibbons v. R. R., 291 Pa. 141; Dannals v. Twp., 255 Pa. 156; Lopresti v. Sulkin, 49 Pa. Superior Ct. 417.

On the question of negligence: Lessig v. Transit & Light Co., 270 Pa. 299; Hill v. Transit Co., 271 Pa. 232.

*John Duggan, Jr.,* with him *J. C. Glassburn,* for appellee, cited, on the motion to withdraw a juror: Dannals v. Twp., 255 Pa. 156.

On the question of negligence: Robb v. Cab Co., 283 Pa. 454; Gilles v. Leas, 282 Pa. 318; Black v. Mark, 273 Pa. 138; Moraski v. Cab Co., 84 Pa. Superior Ct. 605; Davis v. Ice Co., 285 Pa. 177; Murphy v. Transit Co., 285 Pa. 399.

OPINION BY MR. JUSTICE WALLING, April 9, 1928:

This action, growing out of an automobile collision at a right-angle street intersection, resulted in a verdict

and judgment for plaintiff, from which defendant has appealed.

The record discloses no error. The brick paved highway, extending northerly from Connellsville, in Fayette County, known as the Connellsville Road, is crossed practically at right angles by a dirt road called the Woodvale Road. On the afternoon of June 17, 1923, as plaintiff was driving a Ford car west upon the last named road, with his wife sitting by his side, he stopped some distance before reaching the crossing, then started forward and, while on the pavement, was struck by defendant's northbound Packard car. The collision damaged the Ford, hurt the plaintiff and killed his wife. Plaintiff had the right of way, being first at the crossing (McClung v. Penna. T. Cab Co., 252 Pa. 479; Simon v. Lit Bros., Inc., 264 Pa. 121) as, approaching from the right, he also had under the Act of June 30, 1919, P. L. 678, 695, reënacted by the Act of June 14, 1923, P. L. 718, 748a. This act "means simply that, where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision": Weber v. Greenebaum, 270 Pa. 382, 385; and see Black v. Mark, 273 Pa. 138; Weibe v. Powers, 86 Pa. Superior Ct. 389. It was defendant's duty to approach the crossing with his car under control (Black v. Mark, supra: Robb v. Quaker City Cab Co., 283 Pa. 454) and plaintiff was not bound to anticipate that he would be negligent (Wagner v. Phila. Rapid T. Co., 252 Pa. 354), but might assume that he would approach the crossing with his car under control and give plaintiff the right of way: Simon v. Lit Bros., Inc., supra. That plaintiff was first at the intersection is shown by all the testimony and by the fact that the left front wheel of the Ford was broken and a hole knocked in the body of the car above it. The excuse given by defendant's chauffeur

was that when he saw the Ford stop, he thought it was done to give him the right of way. This excuse was insufficient, for the Ford thereafter went some thirty feet, at slow speed, before the accident, during which the chauffeur had ample time to stop his car if, as he said, he had it under perfect control.

Not excessive speed, but negligent management and lack of control were made the gravamen of plaintiff's complaint. He, however, having apparently qualified to do so, was permitted to express an opinion as to the speed of defendant's car, which he fixed at from fifty to fifty-five miles an hour. His cross-examination developed the fact that at the coroner's inquest he stated he was unable to estimate the speed. Under further cross-examination he confessed his inability to do so and that what he had stated as to that was a rough guess. Whereupon this part of his testimony was stricken out; but defendant's request that a juror be withdrawn, by reason of his having made such statement, was refused and the jury instructed to entirely disregard it. The question of the withdrawal of a juror depends somewhat on the atmosphere of the trial and is largely a matter for the discretion of the presiding judge. See opinion of Judge RICE in Lopresti v. Sulkin, 49 Pa. Superior Ct., 417. The question of speed was not raised in the pleadings and plaintiff's admission that he had made a reckless statement relating thereto before the jury was prejudicial to him rather than to the defendant. The trial judge in striking out this testimony and instructing the jury to disregard it, did all the circumstances required. It was a forcible collision and judged by its effect and the fact that thereafter each car moved about thirty feet, the testimony of defendant, who was a passenger, that his car was going from twenty to twenty-five miles an hour, may be taken as fairly accurate. Had the speed been fifty miles an hour, the Ford would have been demolished and the mortality doubtless greater.

Plaintiff testified that from where he stopped he could only see to the south about twenty feet because of a store building, but that as his front wheels approached the pavement he looked again in that direction and saw defendant's car about sixty feet distant. There is nothing in the testimony to warrant the requested finding that he failed to look to his left. Being first at the crossing and having the right of way against northbound traffic, he could not be required to look constantly to the left when he must especially watch for southbound traffic, which had the right of way. Defendant's second and third requests were properly refused as they assumed that if plaintiff by keeping a sharp lookout to his left could have seen defendant's car and avoided it he could not recover. Whereas, plaintiff being first at the crossing and having the right of way was not bound to keep out of defendant's way; but on the other hand, defendant was bound to keep out of his way and, as above stated, plaintiff had the right to assume he would do so. Of course, one having the right of way would not be justified in testing a manifest danger. The question of contributory negligence, however, was for the jury and carefully submitted to them.

The judgment is affirmed.