# Schlossstein et ux. *v.* Bernstein, Appellant.

*Negligence — Automobiles — Collision — Right of Way Act of June 30, 1919, P. L. 678.*

1. In an action for personal injuries sustained by a collision at a crossing between two automobiles, the driver who is first at the intersection, and who is also coming from the right, has the right of way under the Act of June 30, 1919, P. L. 678.

2. In such a case it is the duty of the other driver to have his car under full control so that he can stop on the shortest possible notice.

3. A plaintiff in an automobile collision case, who is a passenger with no interest in the car or control over it or over the driver, is not required to be alert to discover dangers, and this is especially true of one sitting in the back seat where silence, in regard to the driver, is generally golden.

4. A guest is not bound to act except in case of a danger actually known to him, or so obvious that he is presumed to know it, and not then if the driver is aware of the same and striving to avert it.

*Negligence—Damages—Experts—Conflicting opinions.*

5. In a negligence case, an attending physician is not incompetent to express an opinion because at variance with that of another attending physician previously called by the same litigant.

246 SCHLOSSSTEIN et ux. *v.* BERNSTEIN, Aplnt.

*Negligence—Damages—Excessive verdict.*

6. A new trial will not be granted because of an alleged excessive verdict, where it cannot be said that the jurors were so palpably regardless of their duty and the sanctity of their oaths that they permitted their verdict to be rendered in obedience to their prejudices or their sympathies.

7. Under the evidence in the case, a verdict of $7,500 for the wife and $3,000 for the husband, for serious injuries to the wife, was sustained.

*Practice, C. P.—Trial—Error in charge—Calling attention of the judge—Appeals—Basic errors.*

8. Where a judge makes an erroneous reference to testimony in his charge, his attention should be called to it before excepting to the charge.

9. Except as to matters basic and fundamental, a trial court will not be reversed for failure to instruct the jury on questions not called to its attention.

Argued April 16, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 120, 121, Jan. T., 1928, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1923, No. 703, on verdict for plaintiffs, in case of Edmund H. Schlossstein et ux. *v.* Samuel Bernstein. Affirmed.

Trespass for personal injuries. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Marian Schlossstein for $7,500 and for Edmund H. Schlossstein for $3,000. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*S. S. Herman,* for appellant.—The accident was unavoidable by defendant: Carroll v. R. R., 12 W. N. C. 348; Lessig v. Transit & L. Co., 270 Pa. 299.

The wife plaintiff was engaged in a joint enterprise: Martin v. R. R., 265 Pa. 282; Azinger v. R. R., 262 Pa.

242; Hoffman v. R. R., 278 Pa. 246; McLaughlin v. Rys., 252 Pa. 32; Dunlap v. P. R. T. Co., 248 Pa. 130;

The wife plaintiff was guilty of contributory negligence: Wagenbauer v. Schwinn, 285 Pa. 128; Renner v. Tone, 273 Pa. 10; Hill v. P. R. T., 271 Pa. 232; Martin v. P. R. R., 265 Pa. 282; Laudenberger v. Transit Co., 261 Pa. 288; Hardie v. Barrett, 257 Pa. 42; Coleman v. St. Ry., 251 Pa. 498; Dunlap v. P. R. T. Co., 248 Pa. 130.

*Grover C. Ladner,* with him *Raymond V. John,* for appellees.—The case was for the jury: Propert v. Flanagan, 277 Pa. 145; Black v. Mark, 273 Pa. 138; Kilpatrick v. R. R., 290 Pa. 288.

OPINION BY MR. JUSTICE WALLING, May 7, 1928:

This suit, brought for personal injuries sustained by the wife plaintiff (herein called the plaintiff) in an automobile collision, resulted in verdicts and judgments for plaintiffs, and defendant has appealed. While the case was stubbornly contested and numerous alleged errors are assigned, the record discloses no ground for reversal.

Ridge Avenue, extending from Philadelphia in a northerly direction, is crossed at right angles, in the outskirts of the city, by Port Royal Avenue. The latter approaches the intersection from the east on a nine per cent ascending grade of an earth cartway, but is seldom used, while Ridge Avenue, paved to the width of eighteen and one-half feet, is a much traveled public highway of ample width, with sidewalks and a single track street railway on the westerly side adjoining the pavement. Approaching from the south the view of Port Royal Avenue to the east is partially obstructed by a stone wall, a board fence and shade trees; yet an automobile coming up there can be seen for some distance and is in full view after reaching the east line of Ridge Avenue. From there to the center of the latter

is over twenty feet. Looking south from the intersection an approaching automobile can be seen for approximately two hundred feet. At about 6:30 p. m. of June 27, 1923, as Emmett L. Thomas, a resident of the neighborhood, who had driven a party, including the plaintiff, down Port Royal Avenue, looking for cherries, drove back upon Ridge Avenue, his car was struck and the plaintiff was hurt by defendant's northbound automobile (a Dodge touring car), driven by himself and occupied by his family and other relatives. The evidence for plaintiffs, which in view of the verdict we must credit, is to the effect that Thomas came to the intersection with his car, an Overland, in second gear and at a speed of from eight to ten miles an hour; that just before entering upon the crossing he looked to the south but saw no traffic, then looked to the north and saw a Ford car coming some distance away and kept it in view as he proceeded; that as he reached the center of Ridge Avenue and started to turn to the south therein he again looked south and saw defendant's car about forty feet away and coming at from thirty to thirty-five miles an hour, and it so continued until it collided with the left side of plaintiff's car; that defendant made no apparent effort to stop his car or avoid the accident, but at the last moment reached his arm in front of those sitting by his side in an effort to shield them from the shock. It was full daylight and had defendant looked any time while his car was moving the two hundred feet he could have seen the Thomas car approaching the crossing. When we consider that the latter, coming from the right, had the right of way under the statute (see Act of June 30, 1919, P. L. 678), as it also had if first at the intersection (Davis et ux. v. American Ice Co., 285 Pa. 177; Black v. Mark, 273 Pa. 138; Simon v. Lit Bros., Inc., 264 Pa. 121; McClung v. Penna. T, Co., 252 Pa. 478), the question of defendant's negligence was manifestly for the jury. Of course, according to his testimony he was first at the crossing and the Thom-

as car came suddenly in front of him, but the jury found otherwise. On approaching the intersection it was defendant's duty to have his car under full control so that he could stop on the shortest possible notice: Black v. Mark, supra. Aside from lack of such control it is difficult to account for the accident; for the Thomas car at the latest was in plain sight on coming to the east line of Ridge Avenue and thereafter passed over an open twelve-foot space to the eighteen-foot paved cartway and was turning southerly on the west part of the latter at time of the collision. Furthermore, the Thomas car could not have been going at very high speed as it came up a steep grade in second gear and the driver was preparing to, and in fact did, turn into Ridge Avenue.

The plaintiff was sitting in the back seat and testified that as they approached the intersection she glanced to the south and saw nothing coming from that direction, then looked to the north whence the Ford was approaching and continued to watch it until her attention was drawn to the defendant's car which was then close upon them. If moving at thirty-five miles an hour, it took that car approximately four seconds to cover the two hundred feet. The plaintiff was a passenger with no interest in the car or control over it or over the driver and was not required to be alert to discover dangers. Of course, where a passenger sees an imminent peril of which the driver is ignorant, or disregarding, she should call his attention to it. For example, if she sees him violating a fixed rule of law, like crossing a steam railroad track at grade without stopping (Morningstar v. N. E. Penna. R. R. et al., 290 Pa. 14: Martin v. Penna. R. R. Co., 265 Pa. 282), or driving in front of a rapidly approaching automobile, which has the right of way (Alperdt et ux. v. Paige, 292 Pa. 1), or driving on the wrong side of the street, or against the current of traffic (Renner et al. v. Tone, Receiver, 273 Pa. 10), or recklessly and in disregard of

consequences (Hill v. Phila. Rapid Transit Co., 271 Pa. 232; Wagenbauer v. Schwinn, 285 Pa. 128; Hardie et ux. v. Barrett, 257 Pa. 42; and see Coleman v. Pgh., H., B. & N. C. St. Ry. Co., 251 Pa. 498). But, as stated by Mr. Justice FRAZER, speaking for the court in Anzinger v. Pa. R. R. Co., 262 Pa. 242, 250: "The tendency of our decisions is to hold a passenger responsible for his actual negligence in joining with the driver in testing a danger he knows exists, and not for the result of mere inaction in failing to discover dangers of which he is ignorant, but might have discovered had he been giving attention to the roadway ahead of him." See also Nutt v. Penna. R. R., 281 Pa. 372, 378. In general, a passenger will not be held guilty of negligence, as matter of law, for failing to discover perils or to interfere with the driver and this is especially true of one sitting in the back seat (Ferrell v. Solski, 278 Pa. 565), where silence with regard to the driving is generally golden. See Vocca v. Penna. R. R. Co., 259 Pa. 42, 45. That the party went for cherries did not make the status of the plaintiff different from what it would have been had they gone for a pleasure ride; she was still a guest or passenger. It was not a case of partnership, or of master and servant, or of principal and agent. Driving the car was not a joint undertaking, for plaintiff had no interest in or control over it, so while she was affected by her own negligence she was not by that of the driver, if there was any. A guest is not bound to act except in case of a danger actually known to him, or so obvious that he is presumed to know it (Kilpatrick v. Phila. Rapid Transit Co., 290 Pa. 288, 296; and see Minnich v. Easton Transit Co., 267 Pa. 200), and not then if the driver is aware of the same and striving to avoid it. A passenger is not bound to warn the driver of what he already knows: Jerko v. Buffalo R. & Pgh. Ry. Co., 275 Pa. 459. By leaving the question of her contributory negligence to the jury, the trial judge gave defendant all he could reasonably ask. As there seems

to be other litigation resulting from the accident, we refrain from further discussing the conduct of the driver, Thomas.

An attending physician is not incompetent to express an opinion because at variance with that of another attending physician previously called by the same litigant. Whether such opinions can be made the basis of a finding, in view of the rule stated in Mundano v. Phila. Rapid Transit Co., 289 Pa. 51, is another question, not raised by any assignment of error.

Considering the nature and extent of the injuries it is difficult to say the verdicts were excessive; certainly not to the extent that would warrant our interference. The statement of claim embraced in general terms every feature of the case covered by the medical testimony. Plaintiff sustained an intercapsular fracture of the left hip joint and, in addition, two or three fractures of the pelvis, resulting in a permanent overlapping of the bones so as to reduce the opening therein and prevent normal childbirth. She lay in the hospital about six weeks and apparently had not fully regained her health at the time of the trial four years after the accident. Because of the latter, the husband had incurred expenses exceeding $1,700 prior to the trial, in addition to the discomfort of a wife in impaired health. So the verdict of $7,500 for the wife and $3,000 for the husband is not grossly excessive. "A new trial will not be granted because of an alleged excessive verdict, where it cannot be said that the jurors were so palpably regardless of their duty and the sanctity of their oaths that they permitted their verdict to be rendered in obedience to their prejudices or their sympathies": Dziak et al. v. Swaney, 289 Pa. 246.

The seventh and eighth errors assigned refer to excerpts from the charge, which referred to the testimony of a medical witness. So far as appears, the reference was accurate; if otherwise, being a matter of fact, the judge's attention should have been called to it before

excepting to the charge: Section 2, Act of May 24, 1923, P. L. 439, 440; Sautter et ux. v. Rowland, 285 Pa. 212; Weiss et ux. v. London G. & A. Co., Ltd., 285 Pa. 251; Gillett et ux. v. Yellow Cab Co., 87 Pa. Superior Ct. 365. The ninth assignment is to the answer to defendant's first request, which request, in effect, stated that if first at the intersection defendant might lawfully proceed and assume that Thomas would keep out of his way. This was affirmed and the judge properly added, in substance, that in so doing defendant should observe the law of prudence. See Swift v. Corrado, 292 Pa. 543. The tenth assignment complains because the trial judge instructed the jury that drivers of automobiles should exercise extreme care at street intersections, but added, substantially, such care as a prudent man would exercise in a place of danger. This was a proper statement of the rule. See Black v. Mark, supra; Twinn v. Noble, 270 Pa. 500. The complaint made of the charge as a whole (eleventh assignment) is without merit and calls for no comment. The twelfth assignment that "The learned trial judge erred in failing to charge the jury that the sexual disorders from which the plaintiff claims she is suffering were not proved to have been attributable to the accident," is sufficiently answered by the fact that there was no request to the trial judge to so charge. In addition, at the conclusion of the charge, the trial judge said, "If there is anything further either one of you desire me to say or anything that I have omitted or incorrectly stated, I will be glad to have you call it to my attention"; and the only request suggested by defendant's counsel was as to another feature of the charge, which was granted. Under such circumstances, defendant is in no position to take advantage of what was not said by the trial judge (see McCaffrey v. Schwartz, 285 Pa. 561, 568; Davis v. Cauffiel, 287 Pa. 420), especially as only a general exception was taken to the charge. Except as to matters basic and fundamental, a trial court will not be reversed for fail-

ure to instruct the jury on a question not called to its attention: Loughrey v. Penna. R. R. Co., 284 Pa. 267; Gillett et ux. v. Yellow Cab Co., supra.

The judgments are affirmed.