**BOLTINGHOUSE et al. v. THOMPSON et al.**
**(No. 8097.)**

Court of Civil Appeals of Texas. San Antonio.
Dec. 22, 1928.

Douglas, Carter & Black, of San Antonio, and W. S. Ethridge, of Bandera, for plaintiffs in error.

J. A. Eames, of Bandera, and Hertzberg, Kercheville & Thomson, of San Antonio, for defendants in error.

FLY, C. J. This is a suit for damages prosecuted by Martha S. Boltinghouse joined by her husband, J. F. Boltinghouse, against Robert High Thompson, Mason Foster, Louis Foster, John Casparis, Henry Schmelphening, A. S. Clayton, and Oscar Clayton. This is the second appeal; the first being reported in 291 S. W. 573. The grounds of negligence were that defendants in error were engaged in moving, leveling, and repairing a schoolhouse near a public road, and had stretched two cables across the road in the furtherance of their work, that they gave no warnings, and Mrs. Boltinghouse, passing along the road with a lady friend who was driving the automobile, ran into and against the cable and injured Mrs. Boltinghouse quite severely.

The cause was submitted to a jury on special issues, and on their verdict judgment was rendered that plaintiffs in error take nothing by their suit.

The jury found that defendants in error were guilty of negligence resulting in injury to Mrs. Boltinghouse, but also found that she and her companion were guilty of negligence that contributed to the injury.

The testimony showed that defendants in error, with other men in the community, were

working on the schoolhouse without recompense or pay, as citizens and patrons of the school, and that the cables became necessary in the work, and were stretched across a third class road near the schoolhouse. Another passageway around the cables had been used by other vehicles, and was plainly visible, and the cables were not only large enough to be seen by the two women in the automobile, but were seen by them before they got close. The car was running rapidly, about 30 miles an hour, when the cables were struck. There was evidence indicating that the driver was reckless in her handling of automobiles. The two women were not looking along the road in front of them, but were looking at the men working on the schoolhouse. Mrs. Boltinghouse admitted that she saw the men about the schoolhouse and talked to her companion about the school, and did not know what struck her. She said: "I was looking off to one side, I don't deny that. The cables were in plain view." The cables could be seen across the road 300 or 400 yards away, and were high enough directly across the road for an automobile to pass under them, but if a car went over to the left, it would hit the cables. The cables were as large as a man's arms. Mason Foster swore: "If they had gone in the road towards the schoolhouse they could have missed both of these cables." There was a shorter road, and if the two women had traveled that shorter road, they would not have touched the cables. It was in evidence that Mrs. Alexander, the driver of the car, said at the time of the accident that they were looking at the schoolhouse, and that was the reason why they did not see the cables. T. B. Massey swore: "I had to pass by this place the morning of the accident, September 4th. I was in a Ford touring car. I went along that road. I saw the cables, two cables. I had a friend in the car with me. It must have been about 11 o'clock. I could see the cables something like 150 yards ahead, something like that. There was nothing to obstruct the view. I kept in the road and drove under the cables. I did not turn out of the road. There was nothing to obstruct the view as I came up the road. I had a top on the car I was in. I did not slow up when driving under the cables. I was driving the car." The two women were in a Ford coupé car.

A large preponderance of the evidence tended to show an utter lack of care and contributory negligence on the part of the two women. The cables were large and visible for a long distance, and, if the car had been kept in the road, or had turned off on the shorter route, no accident would have happened. Mrs. Boltinghouse admitted that she did not look along the road, but was looking at the men at the schoolhouse, and did not see the cables that were plainly visible. She was riding in the automobile as the guest of her friend Mrs. Alexander. The witnesses all agreed that the cables were large and could be seen for hundreds of feet away. Children at the schoolhouse warned the two women. Mrs. Boltinghouse said to Mrs. Casparis: "We could have avoided the accident, if we had listened to the children. * * * We didn't pay any attention to what the children said, if we had we could have avoided it."

Mrs. Boltinghouse may not have known that the cables were stretched across the road, but she could have had that knowledge if she had used her sense of sight or of hearing. The rule is that, when the means of knowledge are open and palpable, the party not using the means is guilty of negligence. As said in El Paso Printing Co. v. Glick (Tex. Civ. App.) 246 S. W. 1076: "Contributory negligence implies misconduct, the doing of an imprudent act by the injured party, or his dereliction in failing to take proper precaution for his personal safety." The court in the same case correctly said: "One does not assume a danger of which he has no knowledge or means of knowledge."

Under well-settled law, under the facts of this case Mrs. Alexander was guilty of gross negligence in running her car into the cables under the circumstances surrounding her. She should have detected the cables long before she struck them, and she could by the least care or diligence have avoided a collision with the cables. There was a shorter route which did not lead under the cables; and even on the longer route chosen by her she could by staying in the road have passed in safety under the cables. The negligence of the driver was established beyond a doubt, and, while it is the rule that ordinarily the negligence of the driver of a private vehicle is not chargeable to other occupants of the vehicle who are riding in the vehicle at the invitation or with the consent of the driver, there may be exceptions to that rule. Chicago, R. I. & G. Railway Co. v. Johnson (Tex. Civ. App.) 224 S. W. 277. In the cited case the husband of the plaintiff sat beside the driver in a car that ran onto a railroad track just in front of a moving train, and it was held that the facts showed, not only that the driver was guilty of contributory negligence, but the husband was also guilty of negligence. This ruling must have been based on evidence which showed that he was in a position to see the approaching train, but made no effort to prevent the driver from going on the track. In other words, he took no precautions for his personal safety and used no means to prevent the accident.

In the case of City of Uvalde v. Stovall (Tex. Civ. App.) 279 S. W. 889, appellee, a young lady, was riding on the back seat of a car driven by a young man. Others were in the car, and it was driven into a ditch left open by the city authorities across a street. It was night, and no one saw the ditch, and

of course those on the back seat could not see it. No negligence was shown on the part of the driver, and this court held that no duty devolved upon Miss Stovall under the facts, and that negligence of the driver, if there had been any, could not be imputed to her. In the case now under consideration, we hold that the negligence of Mrs. Alexander could not be charged to Mrs. Boltinghouse, but she was negligent herself in taking no steps to prevent the car from being driven into the cables. She, by a word to her companion, could have averted the disaster, and it was her negligence that contributed to the accident. No case has gone to the extreme of holding that a guest in a car who is or should be fully aware of imminent danger is not guilty of contributory negligence.

The rule is laid down in Iowa that: "Within reasonable limits the invited passenger in an automobile may reasonably and lawfully rely on the skill and judgment of the driver. He cannot physically interfere with the driver's control of the car without peril of disaster. He may, under proper circumstances, sound an alarm if he sees danger ahead of which the driver seems oblivious, but even then he must still to some extent place his reliance upon the driver to avoid it. There is no rule of law which obliges him to forcibly seize the steering wheel and wrest it from the hands of the owner, or to jump from the rapidly moving vehicle to certain injury or death." Bradley v. Interurban R. Co., 191 Iowa, 1351, 183 N. W. 493. That decision holds that the question as to the contributory negligence is one of fact to be determined by a jury. No rule of law could be so formulated as to fit the facts of each case of the kind.

In the case of Sellers v. G., H. & S. A. Ry. Co. (Tex. Civ. App.) 208 S. W. 397, appellants were riding in an automobile owned and driven by R. L. Robinson, and in a collision with a motor car on the railway track at a public crossing the appellants were his guests, and the jury found that the guests as well as the owner were guilty of contributory negligence, and such finding was sustained by the appellate court. The Supreme Court denied a writ of error. For a collection and review of cases of injuries to occupants of an automobile other than the driver, we refer to chapter XV, Berry, Automobiles, where it is clearly shown that a guest is not guilty as a matter of law when a driver of an automobile is negligent, but each case must depend upon its peculiar facts to exonerate a guest from contributory negligence or to fix such negligence.

The rule is followed in a large majority of the states that, "while the negligence of the operator of automobile is not chargeable to a passenger, still a passenger is bound to exercise such care for his own safety as the exigencies of the situation require. It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger and to avoid it if practicable." Berry, Automobiles, § 571, and cases cited, several of which are Texas cases. Negligence of the guest or passenger is a question of fact to be determined by the jury. Texas City Terminal Co. v. Showalter (Tex. Civ. App.) 257 S. W. 621; Davis v. Pettitt (Tex. Com. App.) 258 S. W. 1046. The last decision cited is by the Commission of Appeals, and it was in terms approved by the Supreme Court "on the question discussed in its opinion."

Mrs. Boltinghouse knew that they were moving rapidly, knew that her companion was not keeping watch on the road, knew that it was exceedingly dangerous to drive along even a first-class road very rapidly, and, instead of keeping an outlook, turn away from it, and give the whole attention to men working on a house by the roadside. Mrs. Boltinghouse not only did not utter a word of warning to the driver, but gave all her attention to the men at work also. If she had exercised the least care, she could not have failed to see the cables. The evidence not only shows both of the women were guilty of negligence in not seeing and avoiding the cables, but in failing to heed warnings given them. Mrs. Boltinghouse admitted these matters. The cables were so stretched across the road as not to be in the way of automobiles, but the women left the road and struck them. It was about noon on a bright day, with nothing to obscure the vision, and the large cables were directly in the line of vision of persons on the front seat. While the care required of the guest was not of so high a degree as that required of the driver, she should not have shut her eyes to all danger and have exercised no care whatever. Berry, Automobiles, § 575; Clarke v. Connecticut Co., 83 Conn. 219, 76 A. 523; Vocca v. Railway Co., 259 Pa. 42, 102 A. 283.

The judgment is affirmed.