## Henry et ux. v. Miller. No. 1.

*T. D. Wade*, for plaintiffs; *Walter S. Talbot*, for defendant.

WINDLE, J., Feb. 17, 1930.—In this action in trespass plaintiffs sought to recover damages for injuries received by plaintiff, Ethel F. Henry, when the automobile in which she was riding, and which was being operated by defendant, left the road and hit a telegraph pole. At the trial, after plaintiffs' case was in, defendant made a motion for a nonsuit, on the ground that the evidence established contributory negligence on the part of said Ethel F. Henry. The motion was granted and plaintiffs now move to strike it off.

Plaintiff, Ethel F. Henry, and Lois Henry, her daughter, were passengers in the car driven by defendant on the way from Downingtown, in this county, to Philadelphia. They proceeded eastwardly on the Lincoln Highway to Frazer, thence southwardly to the Philadelphia-West Chester Pike, and on the latter road eastwardly toward Philadelphia. It was or had been raining, and the road was wet and slippery, according to Mrs. Henry's testimony. Shortly after turning on to the Philadelphia-West Chester road defendant attained a speed of about forty miles per hour, which she maintained until the accident happened, "quite a few miles" away. While so traveling, as Mrs. Henry herself testified, defendant cut around cars, when she "should not have," causing two other drivers on the road to hold up their hands and one to shake his fist at her. Mrs. Henry also stated that defendant was running "too fast for slippery roads." Twice Mrs. Henry admonished defendant about her operation of the car, telling her "she had better take it a little easy," but, she testified, defendant paid no attention to the admonition at either time and did not slacken her speed. Shortly after the second warning, the car skidded, swung across the road and hit a telegraph pole on the south side of the pike, as a result of which the plaintiff, Ethel F. Henry, received the injuries complained of. No other car was passing at the time of the accident and there was no cause therefor—as far as Mrs. Henry could see.

Under the above circumstances, plaintiff, Ethel F. Henry, was guilty of contributory negligence. The accident was caused by the negligent operation

of the car by defendant, who was evidently driving too fast for the slippery condition of the wet road, and was taking chances in passing cars overtaken by her. No other reason for the skidding appears than the high speed of the automobile and the obvious condition of the highway. Plaintiff realized that defendant was driving too fast and negligently and cautioned her twice in regard thereto. After the second warning, however, when defendant did not change her manner of driving, plaintiff did nothing. Because of that, she is guilty of contributory negligence and may not recover. "If there be threatened danger which is known to the passenger and unobserved by the driver, the passenger would be guilty of negligence if he failed to notify and warn the driver; also, if the driver be careless or reckless in his conduct and this is known to the passenger, and there be reasonable opportunity to do so, it would be the passenger's duty to caution the driver and remonstrate with him, and if the latter persisted in his improper conduct, to leave the vehicle; but, manifestly, that would not be possible nor could it be required in every case:" Vocca v. Pennsylvania R. R. Co., 259 Pa. 42, quoting, with approval, from Hermann v. Rhode Island Co., 36 R. I. 447. Mrs. Henry, according to her own testimony, was clearly aware that defendant was driving negligently. She very properly warned defendant, but the latter did not heed the warnings. Plaintiff was aware that, after the second warning, defendant still was driving improperly, but did nothing further. She should have endeavored to avoid harm to herself, and her daughter, by demanding that defendant stop the machine and allow them to leave it—when they could very readily have continued their journey to Philadelphia by the trolley that ran alongside of the road upon which they were traveling. This she did not do, although there was sufficient opportunity therefor after the last warning and before the happening of the accident. Because she did not, she was herself guilty of negligence and may not be permitted to recover damages against defendant. The nonsuit was properly granted. Motion overruled.