Rocks and Andris *v.* Bender, Appellant.

Argued October 14, 1931.

Before TREXLER, P. J., KELLER, LINN, CUNNINGHAM and BALDRIGE, JJ.

*Charles E. Kenworthey,* and with him *Evans, Bayard and Frick,* for appellant.

*G. Levering Arnhold,* for appellees.

OPINION BY KELLER, J., December 16, 1931:

These actions of trespass arose out of the same automobile collision. They were tried together, and the appeals will be decided in one opinion.

The plaintiff Rocks, was driving his automobile northwardly on 42d Street, Philadelphia, at a low rate of speed about 1:30 o'clock in the morning of November 24, 1929. The plaintiff Andris was his guest. As the car approached the south house line of Baltimore Avenue Rocks saw defendant's automobile coming down Baltimore Avenue about 275 feet to his left, traveling in the east bound car track. Baltimore Avenue is forty-four feet wide between curbs, with fourteen feet six and three-fourths inches between the south curb and the south rail of the east bound trolley track. Having ample time to cross safely if defendant was traveling at a reasonable rate of speed, he proceeded and when he came to the curb line saw defendant's car 100 feet away. He passed the first car track and his two front wheels were in the west bound track when he saw that defendant was trying to cut in front of

him, and to avoid the impending collision he turned east into Baltimore Avenue and was run into by defendant who was at the time going east on the part of the street devoted to west bound traffic.

Appellant cites a number of cases which he contends support his claim that the plaintiff Rocks was guilty of contributory negligence as matter of law, but all of them differ from this one in some material particular. Negligence cases, like will cases, depend on the particular facts of the case, and cannot govern as binding precedents unless the facts are identical, which is rarely the case.

The lateness of the hour, the difficulty of determining the rate of defendant's speed by a moving headlight, the plaintiff's right to assume that the defendant, even although traveling fast, would use reasonable care and slow down to a reasonable speed within the distance of the hundred feet that separated them when plaintiff actually entered the intersection, together with his statutory right of way, were matters for the consideration of the jury and could not be decided by the judge as matter of law: Wagner v. P. R. T. Co., 252 Pa. 354; Alperdt v. Paige, 292 Pa. 1.

We think the facts of the case bring it more nearly within the principles which ruled Fry v. Derito, 97 Pa. Superior Ct. 131; Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395; Schlossstein v. Bernstein, 293 Pa. 245; Swift v. Corrado, 292 Pa. 543, and Hayes v. Schomaker, 302 Pa. 72, than those relied on by appellant; and that the defendant's negligence and plaintiff's contributory negligence were questions of fact for the jury rather than of law for the court.

If the driver Rocks was not guilty of contributory negligence, as the jury found, it follows that the passenger Andris was not either. The latter's alleged contributory negligence in joining Rocks in testing an

obvious danger could only arise in case the driver of the car was contributorily negligent.

The assignments of error in both cases are overruled and the judgments are respectively affirmed.