**DEPEDER v. J. C. PENNEY CO. et al.**

**No. 3547.**

Court of Civil Appeals of Texas. El Paso.

May 13, 1937.

Isaacks & Lattner and C. R. Isaacks, all of El Paso, for appellant.

C. W. Croom, of El Paso, for appellees.

NEALON, Chief Justice.

This was a suit by appellant, Floyd Depeder, and wife, Rose Depeder, against J. C. Penney Company and Longwell's Transfer, Inc., for injuries to the said Rose Depeder, alleged to have occurred on or about the 16th day of March, 1936, through the negligence of J. C. Penney Company in maintaining a trapdoor on the sidewalk adjacent to its store on Stanton street in El Paso, Tex., in such a manner as to constitute a dangerous instrumentality on the sidewalk; and the alleged negligence of appellee Longwell's Transfer, Inc., in that its agents, servants, and employees raised said trapdoor suddenly while Rose Depeder was walking along the sidewalk, thus throwing her violently against said trapdoor and injuring her.

The case was submitted upon special issues in response to which the jury found that the negligence of defendant Longwell's Transfer, Inc., was the proximate cause of Rose Depeder's injuries, but that she was guilty of contributory negligence in failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

The court rendered judgment in favor of both defendants. No objection is made by plaintiff to the judgment in favor of J. C. Penney Company. He appeals from the judgment in favor of Longwell's Transfer, Inc.

Opinion.

Appellant urges two assignments of error; the first being that the court erred in overruling plaintiff's special exception to defendant's plea of contributory negligence, and the second being, in effect, that the court erred in submitting the issue of contributory negligence because there was no evidence warranting its submission.

The allegation excepted to was that the said Rose Depeder "failed to keep such lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances," and that she was negligent in "failing to keep such lookout where she was walking just prior to said accident and at the time of said accident as a person of ordinary prudence would have kept under the same or similar circumstances." The assignment is overruled. Boltinghouse v. Thompson (Tex.Civ.App.) 12 S.W.(2d) 253; Stehling v. Johnston (Tex.Civ.App.) 32 S.W.(2d) 696.

As to the sufficiency of the evidence upon the issue of contributory negligence: Rose Depeder testified that she lived a short distance from the place of the accident, and had lived there since the preceding January. (This trial took place in August, 1936.) In going to work she passed the location of the said trapdoors about 360 times, but had never noticed them; she never looked down, but always looked straight ahead; she did not see the two men who raised the trap door; she was looking straight ahead; she had one foot on the door when it was raised and fell on the door. A witness for plaintiff, who testified that he was a few feet ahead of Rose Depeder and going in the same direction, said he called a warning to her just as she stepped on the door. It was further testified that the door weighed about 350 or 400 pounds; that one man might raise it, "but he is liable to break his back"; that it was raised about half-way when Rose Depeder stepped upon it; that the workmen looked before they started raising the door and saw no one coming; that it takes about a minute to raise the

door halfway; that it is heavy and "the trouble is picking the handle out of the hole"; that because it was heavy it was raised gradually; a man has to reach down and pick the handle out; it is in a groove; the door is made of quarter inch boiler plate reinforced by 4x4x4 angle iron. Viewing the evidence in its most favorable light from appellant's standpoint, as we must do when its sufficiency is challenged, taking into account the opportunity that Rose Depeder had to know òf the location of the doors and their probable use, the fact that two men were engaged in the work of lifting them, the testimony as to weight of the doors and the slowness with which they were moved, the fact that another pedestrian saw what was taking place and shouted a warning, we cannot say that the submission of the issue and the finding of the jury thereon were not justified.

Judgment is affirmed.