## Stephens *v.* Sulkin, Appellant.

*Practice, C. P. — Trial—Improper remark of counsel — Withdrawal of juror—Discretion of court.*

1. A remark of counsel based on an honest mistake as to what a witness had said, and easily corrected by reference to the stenographer's notes, does not call for the withdrawal of a juror and continuance of the case.

2. The question of the withdrawal of a juror depends largely upon the atmosphere of the trial, and is a matter for the discretion of the presiding judge.

*Evidence — Settlement of case — Statement depending on oral evidence—Remaining silent.*

3. Where defendant claims that a full settlement had been made between himself and plaintiff, and two of his witnesses testify to that effect, he cannot ask the court to charge that if plaintiff had any further claim he was bound to say so at the time of settlement.

4. Whether defendant made a statement at the alleged time of settlement that it was a full settlement as testified to by his witnesses, depended on oral testimony and was for the jury.

5. If, in fact, defendant made such statement and plaintiff remained silent, it was a circumstance against the latter for the jury to consider, but not conclusive against him as a matter of law.

Argued March 10, 1924.   Appeal, No. 34, Jan. T., 1924, by defendant, from judgment of C. P. Northampton Co., April T., 1919, No. 32, on verdict for plaintiff, in case of S. L. Stephens v. Louis Sulkin.   Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit on promissory notes.   Before McKEEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,721.21.   Defendant appealed.

*Errors assigned* were (1) refusal to withdraw juror, and (2) portion of charge referred to in opinion of Supreme Court, quoting record.

*James W. Fox,* with him *Edward J. Fox,* for appellant.

*Asher Seip,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 14, 1924:

This suit was upon eleven promissory notes of the aggregate face value of $5,825 given by defendant to plaintiff at divers times, during the year 1913.   Plaintiff was an extensive dealer in horses and other live stock, which he shipped from the west and from Buffalo and sold in

Lehigh and Northampton counties.  Defendant, who was actively engaged in business in the latter county, was a large purchaser of horses from plaintiff during a series of years ending about 1916; his total purchases thereof amounting to at least $250,000.  At times defendant paid cash for the horses, but often gave his notes, which, on plaintiff's endorsements, were discounted at various banks.  At maturity, if not paid or renewed, they were charged to plaintiff and in that manner came back to his possession; this was the situation of those here in suit.  The only defense interposed was payment, and, on conflicting evidence as to that, the jury found for plaintiff for the amount of the notes and interest; from judgment entered thereon defendant has appealed.

There are but two assignments of error and neither can be sustained.  The cross-examination of plaintiff occupied an entire day and makes over one hundred pages of the printed record.  Near its close plaintiff was asked if he did not make a certain statement in the earlier part of the examination, to which his counsel replied, "No, he did not."  The stenographer's record indicates that plaintiff did make such a statement, but on his attention being called thereto immediately corrected it.  So, while the statement of his counsel may have been technically wrong, it was substantially right, and, being admittedly made in good faith, afforded no ground for the withdrawal of a juror.  An honest mistake of counsel as to what a witness has or has not testified, being a matter easily corrected by reference to the stenographer's notes, does not call for such drastic remedy.  We have no thought of relaxing the rule, often stated in recent cases, that counsel must keep within proper limits; but it was not transgressed in the instant case; for we agree with the opinion of the trial court that, "The statement made by plaintiff's counsel was in accordance with testimony already given by plaintiff, and, under these circumstances, the court does not consider that the jury was influenced by the remark or that it was prejudicial to the

interests of defendant.   If every remark of this character, thoughtlessly made by counsel, would be sufficient reason for a new trial, our courts would be burdened with repeated trials of the same cause and litigants would be placed under unwarranted expense." Furthermore, the question of the withdrawal of a juror depends largely upon the atmosphere of the trial and is a matter for the discretion of the presiding judge (Cook v. Erie Elec. Motor Co., 225 Pa. 91; Wilhelm v. Uttenweiler, 271 Pa. 451), which here was wisely exercised.

Defendant's main contention at the trial was that he and plaintiff had a full settlement of all matters, including the notes in suit, at the Sterling Hotel at Easton in February, 1916.   This was denied by plaintiff.   Defendant, in corroboration of his own testimony, called two witnesses, who stated in effect that they heard him say there in plaintiff's presence that it was a full settlement.   At the conclusion of the charge, defendant's counsel said: "Having referred to that settlement and the fact that Mr. Stephens [the plaintiff] did not make any reply, we ask the court to instruct the jury that if he had any further claim he was bound to say so at that time."   This the trial judge referred to the jury, but refused to so instruct them as a matter of law.   The refusal was right for several reasons: (a) Whether defendant made such statement depended on oral evidence and was for the jury.   (b) The request assumed as a fact that plaintiff remained silent when defendant stated that the settlement was in full, but of this there was very slight, if any, evidence.   (c) Assuming that defendant made such statement and that plaintiff hearing it remained silent, it was a circumstance against him for the jury to consider, but not conclusive as matter of law. The parties to this suit are successful business men but neither kept any account of their numerous transactions, and there is no written evidence as to what was settled at the hotel.   The case was for the jury to whom it was fairly submitted.

The judgment is affirmed.