## Duff *v.* Vogt, Appellant.

*Real Estate—Building contract—Supplemental contract—Breach of—Case for jury—Statement of claim—Sufficiency.*

In an action to recover the amount alleged to be due on a building contract, the case is for the jury, where the issue is one of fact as to the manner in which the contract had been fulfilled.

Although the action was based on a supplemental agreement it was not necessary to attach the original contract in the plaintiff's statement of claim. The later agreement, specifying the manner in which the work was to be done was complete in itself. The statement averred that the work had been done, and that it had been approved by the architect, and contained all the material averments necessary to support the action.

*Trial—Evidence—Offer of compromise—Inadmissibility.*

An offer of compromise which was not accepted cannot be used as evidence against the party who made the offer.

Argued October 12, 1926. Appeal No. 110, October T., 1926, by defendant from judgment of Municipal Court, Philadelphia County, March T., 1925, No. 33, in the case of Thomas Duff v. Mary E. Vogt. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on building contract. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $856 and judgment thereon.   Defendant appealed.

*Errors assigned* were in dismissing defendant's affidavit of defense raising questions of law, refusing defendant's motion for judgment non obstante veredicto, and various ruling on evidence.

*George Sterner,* for appellant, cited: Vicary v. Moore, 2 Watts 451; Ellmaker v. Franklin Fire Insurance Co., 6 W. & S. 439; McGrann v. North Lebanon R. R. Co., 29 Pa. 82; McCauley v. Keller, 130 Pa. 53; Wolff Dryer Co. v. Bigler, 192 Pa. 466; Robert Grace Contracting Co. v. Norfolk & Western Ry. Co., 259 Pa. 241; Foedisch v. Arrow Coal Mining Co., 266 Pa. 231.

*Albert S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for appellee.

OPINION BY PORTER, P. J., December 10, 1926:

This is an action of assumpsit to recover the balance alleged to be due on a building contract.   The original written contract had been executed on January 22, 1924.   The statement filed by plaintiff averred that the work had been completed about May 15, 1924, and that the defendant shortly afterwards took possession of the house and expressed her satisfaction with the manner in which the work had been done; that "subsequently defendant made complaint about certain minor matters in connection with said work and refused to pay plaintiff the balance due him"; that on July 28, 1924, the parties met and adjusted the differences between them and entered into a new written agreement which was attached to and made part of the statement of claim; that by said new written agreement the plaintiff agreed to do certain work, therein specified, to be completed subject to the approval of defendant's architect; that the defendant in consideration of

said agreement agreed to pay the plaintiff the balance of $4,800 due on the original contract, of which $4,-000 was paid upon execution of the new agreement and $800 was to be paid after the approval by the architect of the work specified in the new agreement; that the work specified in the agreement of July 28th had been completed and that the architect had, on November 5, 1924, written a letter to the plaintiff approving of the work, in said letter stating that as soon as an iron catch on the door of the boiler had been supplied the plaintiff might go to the defendant for final settlement, a copy of which letter was attached to and made part of the statement; that the defendant, notwithstanding the approval of the work by the architect, refused to pay the balance for which this action is brought. The defendant filed an affidavit raising the question of law, that plaintiff's statement of claim did not disclose a good cause of action, for the reason that there was not attached thereto the original building contract which had been dated January 22, 1924. The court below held the statement of claim to be sufficient, overruled the statutory demurrer, and ordered the defendant to file an affidavit of defense. The defendant then filed an affidavit of defense, denying the material averments of plaintiff's statement and setting up a counter-claim, to which counter-claim the plaintiff filed a reply, denying all its material averments. The case went to trial and resulted in a verdict and judgment for the plaintiff and we have this appeal by the defendant.

The agreement of July 28, 1924, specified the work which the plaintiff was to do and the manner in which the defendant was to make payment, it was complete in itself. The statement averred that the work had been done and that it had been approved by the architect; it contains all material averments necessary to support an action. The court below did not err in so

ruling and requiring the defendant to file an affidavit of defense. The first assignment of error is overruled. The evidence as to the manner in which the work was done and as to the counter-claim was conflicting and the determination of the disputed questions of fact was for the jury. The defendant's motion for judgment non obstante veredicto was properly dismissed.

The plaintiff offered in evidence a letter to him from counsel of the defendant, written by authority of the latter, making an offer of compromise, to pay a sum less than the amount claimed by the plaintiff. Counsel for defendant objected to the reception of this letter in evidence, which objection the court overruled and granted an exception to the defendant. Nothing is better settled than that an offer of compromise, not accepted, can never be used as evidence against the party who made the offer: Slocum v. Perkins, 3 S. & R. 295; Rabinowitz v. Silverman, 223 Pa. 139. The fifth assignment of error is sustained.

The judgment is reversed and a venire facias de novo awarded.