# Fenner, Appellant, *v.* Murray et al.

*Building contracts—Extra work—Evidence—Admissibility.*

In an action of assumpsit to recover for extra work on a building operation, statements and admissions of defendant made in the course of settlement, are not admissible evidence to establish the acknowledgment of the indebtedness for extra work.

The qualified statement that the defendant would pay the money to the plaintiff if it were in full settlement was not such an admission of liability as would permit a recovery for work not included in the contract.

Argued December 12, 1927.    Appeal No. 340, October T., 1927, by plaintiff from judgment of C. P., No. 5, Philadelphia County, December T., 1925, No. 4918, in the case of Charlotte LePage Fenner, Executrix of the last will and testament of W. D. Fenner, deceased, trading as Columbia Artificial Stone Paving Company v. Cecilia R. Murray and John F. Basford. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Assumpsit for services rendered.    Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,618.40.    Subsequently, the court on motion entered judgment in favor of the defendant non obstante veredicto.    Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*L. W. Baxter,* for appellant.

*Raymond White,* and with him *Stanley B. Rice,* for appellees.

OPINION BY TREXLER, J., March 2, 1928:

On the 20th day of September, 1924, W. D. Fenner made a contract to furnish all the materials and labor for the cement and concrete work on twenty-four dwellings and forty-eight garages to be erected by one of the defendants, John F. Basford, as contractor, but upon ground owned by Cecilia R. Murray, the other defendant.

W. D. Fenner died and his executrix is the plaintiff in the present case.    The contract was in writing and

it contained a stipulation that no extra charge or claim should be made for any work done upon, or for materials furnished or supplied for the said buildings, whether called for in the contract or not, unless an agreement with respect thereto shall have been first reduced to writing and signed by the parties and approved by the Keystone Company, the guarantor of mortgages to be placed upon the properties.

The present claim is for additional work which was not included in the contract or shown on the plans and specifications which accompanied it. Mr. Baxter, the attorney for the deceased contractor appeared in the case and testified on behalf of the plaintiff, the executrix of the deceased client. Mr. Woolford, the attorney for Brennan who had furnished some of the materials also testified.

Mr. Baxter testified that he went to Mr. Basford's office and this is the substance of his testimony. "I asked Mr. Basford why he and Mr. Fenner could not settle their differences between them. 'Mr. Fenner tells me that you and he have agreed upon these articles amounting to $1,852.38,'—'yes,' he says, 'They have been agreed to.' Well then, I said to Mr. Basford, 'If these articles have been agreed to, then there is nothing remaining, it seems to me, between you and Mr. Fenner, excepting to determine what measurements are, with reference to the second plan, or claim, amounting to $1,200 or $1,300.'" Then Mr. Baxter suggested that Basford should get Fenner's measurements and if he were not satisfied with them, he should get a man to go over and measure them himself. Mr. Fenner should get a man and they could measure them together and compare results. Then the witness continues, "he said that was a very good idea and I said, 'If it is a very good idea, why then, cannot you and Mr. Fenner settle this question.' I said, 'Inasmuch as the $1,852.38 of these extras have

been agreed upon, it seems to me comparatively easy to'—then Basford said, he only agreed to the $1,852.38 tentatively and then I said, 'What do you mean by tentatively?' and he said, 'Simply if Mr. Fenner did not produce any further claim for extra work.' Then I said to Mr. Basford, 'You want to pay Mr. Fenner all you owe him? And 'Yes,' he said. I asked Mr. Basford if he was willing in any way to add to the $1,400—I am willing to admit that the plans did not contain exactly the extra space and area he says, under these conditions I am willing to add a hundred or a hundred and fifty dollars, and I said, is that the best you can do, and he said that is positively all that I will do, as I remember the conversation."

Mr. Woolford testified that he called Mr. Basford on the telephone and told him that he represented Mr. Brennan, a man who was furnishing all the sand, stone and cement for the operation and that he told Basford that he had been informed that Mr. Basford had a sum of money in his possession belonging to Mr. Fenner and he said "I have $1,445, belonging to Mr. Fenner," and that he was willing to pay that to Mr. Fenner. I told him, "You are willing to pay it to me representing Mr. Brennan provided that was accepted in full settlement of Mr. Fenner's claim for work done?" The conversation was on the telephone "and was to the effect he was willing to pay $1,445, but he would only pay it if Fenner would accept it in full for his claim, but he was not willing to pay it on account."

The jury found in favor of the plaintiff, but the court entered judgment n. o. v. holding that these statements of Basford's were made in an effort to settle the case and were conditional upon the acceptance of the sum in full payment and that not being accepted they were not binding upon the defendant. As far as the conversation with Baxter is concerned, he states that the offer was "tentatively" made. The

admission that he had $1,400 belonging to Fenner, which as to the precise sum was less than the amount claimed by Fenner, cannot be severed from the condition to which it was attached that he was willing to pay it provided it was accepted in full settlement. Duff v. Vogt, 89 Pa. Superior Ct. 412.

We think, therefore, the court was right in holding that these conversations to which the attorneys testified were not sufficient to carry the case to the jury. Plaintiff's whole case was founded upon the alleged acknowledgment of indebtedness by the defendant, Basford, but the proof failing as to this, his case fell with it.

The judgment is affirmed.