Fleischer v. Maryland Cas. Co., Appellant.

Argued December 14, 1932.

.Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Louis Wagner,* and with him *Thomas J. Clary* and *Richard A. Smith,* for appellant.

*Raymond A. White, Jr.,* and *Maurice W. Sloan,* of *Sloan, White & Sloan,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1933:

On November 26, 1930, a blanket coverage insurance policy, issued by the defendant company to indemnify the plaintiff "for all loss by burglary, robbery, theft or larceny, of any property insured [thereunder] from within the premises occupied by the assured, ...... committed by ...... any person whose property [was] not covered [thereby]," was admittedly, in full force and effect.

In a suit upon this policy, tried in the court below by a judge sitting without a jury, plaintiff's alleged cause of action was that, upon the date mentioned, it was discovered a brooch, made of twenty-four diamonds set in a circle of platinum, and also certain

pieces of linen, had been stolen by persons unknown from the residence occupied by plaintiff and his wife. Prompt notice was given to, and proof of loss filed with, the defendant insurance company; negotiations for a settlement failed and suit was instituted May 7, 1931.

Plaintiff contended the "actual cash value" of the brooch was $1,200 and of the linens $28, but offered, in his statement, to accept $1,180 for one and $20 for the other. The testimony, covering eighty printed pages, was directed toward establishing the respective contentions of the parties relative to the value of the brooch at the time of its disappearance.

The trial judge, GLASS, J., found for the plaintiff in the amount of $1,030.94—$925 as the value of the brooch, $20 for the linens, and interest in the sum of $85.94. Defendant's motions for a new trial and for judgment n. o. v. were denied, and this appeal from the judgment on the finding followed.

One of the questions involved, as stated by counsel for appellant, is that the finding as to value "lacks satisfactory evidence."

Detailed discussion of this branch of the case is unnecessary. Upon examination of the testimony, we find competent evidence from which a trier of facts could reasonably and logically find that the value of this brooch was $475, or $925, or $1,100, depending upon his view of the weight of the evidence and the credibility of the witnesses. There was no dispute about the value of the linens. As there was competent evidence to support the finding, it has the force of a verdict and we should not disturb it, although we might have reached a different conclusion from the testimony.

The other question involved upon this appeal arises out of the contention of appellant that there was neither "proof of loss within the policy coverage" nor of "loss by the plaintiff."

As to loss by plaintiff, there is no difficulty; there was evidence that the brooch belonged to his wife, but any question of ownership as between them is of no importance. The policy covered, inter alia, "property owned by the assured or by any permanent member of the household of the assured who does not pay board or rent." Granting that the brooch and linens were owned exclusively by plaintiff's wife, the suit was properly brought.

The main question for consideration and disposition is whether, under all the circumstances appearing from this record, counsel for appellee was required to adduce evidence that the loss was occasioned by burglary, robbery, theft or larceny? In the fifth paragraph of his statement, appellee averred the articles were "stolen" from his residence; in the corresponding paragraph of its affidavit of defense, appellant denied they had been stolen and alleged appellee's wife had "misplaced" them. The only testimony relative to the disappearance of the articles was that of Mrs. Florence K. Fleischer, and reads: "Q. When was the last you had seen it [the brooch]? A. The last I saw of my pin was on the third of November, 1930. Q. When did you finally miss it? A. I missed it the day before Thanksgiving. I think it was the 26th of November, whatever day that was before Thanksgiving."

If these averments of the pleadings and this testimony were all the record disclosed, the judgment could not be sustained. But they are not all. At the conclusion of the evidence, this colloquy occurred between the trial judge and counsel for the parties. "The court: There is no serious question here as to the liability? Mr. White: [counsel for appellee] No, there is no question as to the liability. There is only a question of how much. The court: All right, so that we will understand. There is a $20 item? Mr.

White: $20 is admitted as the cost of the linens." Counsel for appellee submitted a calculation. Mr. Smith, counsel for appellant, presented two points for findings; the first asked for a finding in favor of appellant, and the second was to the effect that any finding for appellee could not exceed $500; both were refused.

The trial judge then announced his finding in favor of the appellee for $1,030.94.

Up to this point, Mr. Smith had not indicated in any way that he disagreed with the above quoted answers of Mr. White to the interrogations addressed by the trial judge to both attorneys.

But after the finding had been entered against him, Mr. Smith said: "Of course, I am not agreeing to any statement made by counsel. I move that the notes of testimony be transcribed." Counsel for appellee makes this statement in his brief: "At the trial of the case no question was raised as to the liability of the defendant company under the policy. The attorney for the appellee specifically states that he asked the attorney for the appellant if there was any question as to the burglary or loss of the pin and it was stated by the attorney for the appellant that the only question in dispute was the amount for which a finding was to be made."

In his opinion refusing appellant's motions, the trial judge thus stated his view of the matter: "At the trial no question was raised as to the liability of the defendant company under the policy, nor as to the ownership of the brooch; and it was understood during the entire course of the trial that the only matter in dispute was the amount for which a finding was to be made. ...... So as to remove any doubt as to the theory upon which the case was tried, the trial judge made inquiry of counsel as to whether or not the liability of the defendant company was being

questioned by the defendant. Counsel for the plaintiff, in the presence and hearing of counsel for the defendant, stated that there was no question of liability raised, that the only question was as to the amount, to which no answer was made by counsel for the defendant. An offer to pay a lesser sum than that for which the court eventually found was made by counsel for the defendant during the course of the trial. ...... The defendant filed motions for a new trial and for judgment n. o. v. In the brief filed by him, counsel for the defendant for the first time raises the question as to the proof of the theft and the ownership of the brooch. ......

"In addition thereto, there was testimony that immediately after the theft or loss in question, proofs of loss were filed with the defendant company, which accepted the same, and that it issued its check for $1,220, representing the value of the linens, which was $20, and the brooch, $1,200; but because of the misspelling of the name of the plaintiff, the check was not delivered; that thereafter, the question of the correctness of the figures being questioned, the check was not delivered, but was withdrawn; that an offer of $500 for the pin, plus $20 for the linens, was then made by the defendant company, who were willing to issue a check in settlement of the claim."

We do not attach as much significance to the matters mentioned in the last preceding paragraph as did the court below. The check for $1,220 was withdrawn because appellant obtained additional information with respect to the value of the brooch, and the offer of $520, prior to trial, was in the nature of an offer to compromise, which, as a general rule, should not be treated as an admission of liability.

But there are other matters, in connection with the pleadings and the occurrences at the trial, which lead this court to the conclusion that the present contention

of counsel for appellant upon this branch of the case is largely an afterthought and without merit.

In reply to the ninth paragraph of the statement, in which appellee averred his willingness to accept $1,200 as the value of the brooch and linens, appellant, in its affidavit of defense, said: "This defendant is willing to either pay the sum of $500 to the assured or to the owner of said brooch or to pay the sum of $500 to J. E. Caldwell & Company [the manufacturers of the brooch] for the replacement of a diamond brooch, an exact duplicate of the one stolen or misplaced."

Moreover, Norman V. Mayall, an investigator of burglary claims for appellant, testifying in its behalf, said: "A. It was sometime either the latter part of February or March in '31, that I told Mr. Fleischer I would pay him $500 for the pin, plus $20 for certain wearing apparel which was missing, and was willing at that time to issue a check for $520 in settlement of the claim. . . . . . Q. What then was your suggestion as to another pin? A. What Mrs. Fleischer said? Q. No, what was your suggestion? What did you say you would do in reply? A. At that time I told her I was very sorry, but the pin was valued at $475 by Caldwell's, who made the pin, and that was all we could pay. Caldwell's at the time were willing to duplicate the pin from their specifications for $500 and that was our figure. Q. You were willing to do that also? A. Absolutely."

If counsel for appellant, in spite of this admission and offer in the affidavit and of the testimony thus elicited by him, intended to put appellee to proof that the property had been stolen, we think the proper performance of his duty, as an officer of the court, required him to say so, when directly interrogated upon this precise point by the trial judge.

Announcement by him, at that time, that he did not

agree with Mr. White's statement to the effect that the only matter in issue was the extent of appellant's liability, would have afforded an opportunity to the trial judge to reopen the case and permit counsel for appellee to introduce evidence of burglary or theft.

The trial of a case in a court of justice is not a game in which one of the players may be permitted to mislead the court and his opponent, either by direct misrepresentation of his position or indirectly by remaining silent when it becomes his duty to speak, take the chance of a favorable verdict or finding, and, when disappointed with the result, raise and insist upon a contention which places his opponent at a disadvantage he might have avoided.

Upon consideration of the affidavit of defense as a whole, and particularly the eighth and ninth paragraphs, in each of which appellant specifically offered to pay the owner of the brooch $500 for its loss, we are of opinion that the only issue upon which appellant sought a trial was whether the value of the articles at the time of their disappearance exceeded $520.

It had a fair trial upon that question and is not now entitled to have any of its assignments of error sustained.

Judgment affirmed.