# Lilly *v.* Metropolitan Life Insurance Company, Appellant.

Argued February 5, 1935. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William S. Hudders,* with him *Harvey H. Steckel,* for appellant.

*Hyman Rockmaker,* with him *Eugene J. Gorman,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1935:

Plaintiff brought this action as beneficiary of a policy of insurance issued by defendant on the life of his wife. The jury found for plaintiff, and from the judgment entered against it defendant appealed, assigning certain alleged trial errors and the refusal of its motions for a

new trial and for judgment n. o. v. This was the second trial of the case; the first also resulted in a verdict for plaintiff, after which a new trial was awarded by the court below.

Defendant sought to defeat the action upon the ground that insured had made material false and fraudulent representations in her "statements to the medical examiner" (a part of the application), in answer to questions contained therein, that her father had died of bronchitis, that neither of her parents had ever had tuberculosis, and that she had never suffered from any pulmonary or intestinal disease. It also contended that plaintiff had "aided and abetted the obtaining of the contract of insurance by and through wilful and deliberate fraud."

The insured died on July 22, 1931, about six months after the filing of the application and the making of the statements to the medical examiner. It was admitted that the primary cause of her death was intestinal tuberculosis. Defendant placed on the stand the family physician of the insured, who stated that for the last year and a half or two years before her death she was suffering from pulmonary tuberculosis. He stated that he did not know whether he ever told insured she had tuberculosis, but that he did tell plaintiff. Defendant's agent testified that at the time the application was made plaintiff told him he did not wish the family physician to conduct the medical examination, because the latter had informed his wife that she had tuberculosis. There was also uncontradicted testimony that on March 1 and April 10, 1931, insured was examined for insurance in other companies and was found to be affected with tuberculosis. On the other hand, the examining physician testified that in the course of his examination he examined insured's lungs and found nothing that was abnormal. The physician who attended insured in her last illness testified for defendant that when he first examined her on April 21st, she had "a few small spots" on her lungs, and that she then had "very little cough, just a hacking cough." He

said that she then had intestinal tuberculosis also, but that he could not say how long she had had it, because the disease is "of short duration." The family physician stated that he prescribed no special treatment for insured, except a "tonic for an appetite" and "lots of sunlight." Plaintiff, his son, and several friends of insured testified that until about the first of June she did her own housework and was apparently in good health.

Since the policy provided that all statements should be deemed representations and not warranties, it was necessary for defendant to show not only that the answers were false in fact, but also that she knew they were false when she made them: Livingood v. N. Y. Life Ins. Co., 287 Pa. 128; Kuhns v. N. Y. Life Ins. Co., 297 Pa. 418; Mellosky v. Eureka-Maryland Assurance Corp., 93 Pa. Superior Ct. 314. There was little, if any, direct evidence that insured knew she had tuberculosis when she made the statements to the medical examiner. Indeed, defendant, recognizing that under the doctrine of Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, the credibility of oral testimony, though uncontradicted, is for the jury, does not even argue that judgment n. o. v. should have been entered on the ground that it was conclusively shown that insured's statements as to her own health were false and fraudulent, or on the ground that it was conclusively shown that plaintiff was guilty of fraud in the procurement of the policy.

Defendant does contend, however, that the statements that her father died of bronchitis and that he had never had tuberculosis were conclusively shown by documentary evidence to be false and fraudulent, and that for this reason judgment n. o. v. should have been entered. We cannot so agree. The evidence on this point consisted of the testimony of the family physician and neighbors of the insured that she had told them her father died of tuberculosis, a written statement to the same effect over her signature in a medical examiner's report in connection with a later application to another company, and a

similar statement of hers in a record made upon her admission to a hospital in 1923 for treatment for an incomplete abortion. It should be noticed that the application and the hospital record were relevant only because they contained statements by the insured as to the cause of her father's death. Even if these statements are given the most favorable operation possible in behalf of defendant and are considered as admissions—and it is by no means clear that defendant is entitled to have them so treated—it would not follow that the jury was bound by them. They were contradicted by the statement in the policy itself that her father died of bronchitis, and certainly in view of that statement it was for the jury to decide whether he did in fact die of tuberculosis.

Edmond Lilly, minor son of plaintiff and insured, testified that only three questions were asked of insured by the examining physician at the time she signed the statements to the medical examiner, and that none of these was concerned with her own health. After the witness had so stated, defendant objected to "this entire line" of testimony, and now contends that it was inadmissible, for the reason that "the general rule is that one who signs an application for insurance without reading it, when he might have done so, will be held to have read it," relying on Applebaum v. Empire State Life Assurance Society, 311 Pa. 221, and cases there cited. It argues that insured was therefore bound by the application as filled out, regardless of what questions were asked her, and that consequently the testimony was inadmissible. Plaintiff, on the other hand, contends that those cases are not applicable here, for the reason that the statements there in question were warranties, whereas the policy in the instant case provides that all statements shall be deemed representations. We think it unnecessary to consider the admissibility of this testimony, since we believe that the error, if there was error, was cured in the charge. In referring to the testimony in question, the court expressly

stated to the jury that "the general rule is that one who signs an application for insurance without reading it, when he may have done so, will be held to have read it," thus using the exact language of the Applebaum case. Defendant's objection was not made until after the witness had testified to the matter complained of, and whatever might have been harmful in it was, we think, rendered entirely innocuous by what the court said in its charge. Of course, where evidence improperly admitted is of a sort which tends to prejudice the minds of the jurors, the error is not cured by a charge withdrawing it from their consideration (Hamory v. R. R. Co., 222 Pa. 631, and cases there cited; Heron v. Phipps, 246 Pa. 294) ; but where the evidence is not of this character and the charge eliminates it from the jury's consideration, there is no cause for complaint: McKee v. Crucible Steel Co., 213 Pa. 333; Wolverine Glass Co. v. Miller, 279 Pa. 138. Such is the case here.

Defendant also complains of the refusal of the court below to admit in evidence the hospital record, offered for the purpose of showing insured's statement therein that her father died of tuberculosis. We think that the error, if any, was harmless, since the jury was told by the physician in charge of insured at the hospital, who was placed on the stand by defendant and who testified as to the circumstances under which the record was made, that it contained the statement by insured that her father died of tuberculosis. The jury thus had clearly before it the only matter for which the record was offered.

After a careful consideration of the whole record, we are convinced that this was a case which had to be submitted to the jury. Since that has twice been done, with the same result, and since we find no error in the conduct of this trial, we think that the court below did not abuse its discretion in refusing to grant a new trial, and that the entry of judgment on the verdict was proper.

Judgment affirmed.

254

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

Whether the insured knew she had tuberculosis or not, it seems to me convincingly shown that plaintiff, her husband and beneficiary, knew she had this ailment at the time the application was made. The family physician testified he so told plaintiff and defendant's agent said plaintiff told him he did not wish the family physician to conduct the medical examination because the latter had informed his wife that she had tuberculosis. Not only did the family physician state that the insured told him her father died of tuberculosis, but neighbors likewise testified, and the insured, in a written statement in a medical examiner's report in connection with a later application for insurance and in a record made upon her admission to a hospital, so stated. There was uncontradicted testimony that, prior to the application for the policy in suit, the insured was examined for insurance in other companies and found to be afflicted with tuberculosis. The representations made by her were false and material to the risk, and, therefore, were just as binding as though they were warranties.

I would not permit recovery by the plaintiff on what it seems to me was a fraud designed by him. In my opinion, the rule of the Nanty-Glo case, wherever else it should be applied (and I think it should never be applied anywhere), should not be permitted to operate in cases of this character.