## CLUM v. GUARDIAN LIFE INS. CO.
### No. 4070.

District Court, M. D. Pennsylvania.
Sept. 7, 1938.

Abram Salsburg, of Wilkes-Barre, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris,· of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is an action of assumpsit brought by Elizabeth B. Clum, the beneficiary under a policy of life insurance, issued upon the life of Anson R. Kintner, deceased, by the defendant, the Guardian Life Insurance Company of America.

The plaintiff made out a prima facie case, which the defendant sought to defeat on the ground that the insured had obtained the policy through material, false and fraudulent representations as to his condition of health and previous medical treatment. The statements alleged to be false and fraudulent are that the insured had never had any disease of the heart or any suspicion of such disease, that the insured had not consulted any physician or taken treatment within five years of the application, and that he had not been a patient in any institution or hospital for treatment of any physical ailment.

The application was made on February 8, 1935, and the policy was issued on March 5, 1935. The insured died on February 28, 1936, of acute heart disease.

The case was tried before the court and jury, and a verdict returned in favor of the plaintiff in the amount of $11,200, the face value of the policy with interest.

The defendant moved for a new trial and for judgment non obstante veredicto on a point of law reserved with reference to binding instructions. These motions are now before the court.

The defendant has filed twenty-six reasons for a new trial. The first five reasons allege in substance that the verdict was against the law and the evidence, thus raising the same question as the motion for judgment on the point of law reserved, to wit, whether the defendant is entitled to judgment on the whole record, notwithstanding the verdict of the jury. This question will be considered before passing upon the other reasons given for a new trial.

The statements made by the insured in the application are by the terms of the policy specifically made representations and not warranties. Consequently, the defendant to be entitled to judgment must establish that the insured's statements were materially false and that insured knew this at the time he made them. Suravitz v. Prudential Life Ins. Co., 244 Pa. 582, 91 A. 495, L.R.A.1915A, 273; Evans v. Penn Mutual Life Ins. Co. of Philadelphia, 322 Pa. 547, 186 A.· 133. Furthermore, the evidence is to be considered in the light most favorable to the plaintiff. Hegarty v. Berger, 304 Pa. 221, 155 A. 484.

The defendant sought to establish that the statements in the application were false and fraudulent by the testimony of Dr. Plummer, who testified that the insured consulted him on August 15, 1934, and on several occasions thereafter, that he gave the insured a careful physical examination, and came to the conclusion that he was suffering from heart disease. Dr. Plummer further testified that the insured consulted other doctors, and that on October 1, 1934, he entered the New York Hospital where he stayed for four days, during which time another complete physical examination was made which confirmed Dr. Plummer's diagnosis. Dr. Plummer also testified that the insured was told of the result of these examinations before the date of the application and that treatment was prescribed for him. The plaintiff testified that the insured had led a very active life up to the time of his death and was apparently in good health.

The defendant relies entirely upon the oral testimony of its own witnesses. The testimony as to the insured's apparent good health and active life tends to contradict this evidence. However, even though the oral testimony were uncontradicted, the case was properly submitted to the jury to pass upon the credibility of the witnesses. Thomas v. Metropolitan Life Ins. Co., Pa. Super., 200 A. 210; Evans v. Penn Mutual Life Ins. Co. of Philadelphia, supra. Therefore, the motion for judgment on the whole record must be dismissed, and defendant's first five reasons for a new trial are without merit.

The 8th, 19th, 20th, 21st, 22nd, 23rd, 24th, 25th and 26th reasons for a new trial all relate to the admission of testimony over the objection of defendant. The 8th reason deals with the admission of Mrs. Clum's testimony concerning the part played by the insured in attempting to prevent a bank robbery at Milford several months before his death. This testimony was properly admitted as evidence that the insured did not know that he had a serious heart condition. Baer v. State Life Ins. Co., 256 Pa. 177, 100 A. 745.

The other testimony which was admitted over defendant's objection concerns the cross-examination of Hazel Cook, Dr. Plummer, and Mrs. Clum. The plaintiff's cross-examination of Hazel Cook and Dr. Plummer was within the proper scope of cross-examination of hostile witnesses for the purpose of showing that they are biased or mistaken. The statement of Mrs. Clum which is objected to was brought out by defendant's own attorneys on cross-examination. Furthermore, the jury was carefully instructed with reference to the evidence and the questions involved. Under these circumstances there is no cause for complaint. Lilly v. Metropolitan Life Ins. Co., 318 Pa. 248, 177 A. 779.

The 9th reason for a new trial alleges that the court erred in ruling that the real question to be considered was whether the insured committed a fraud at the time he obtained the policy. No objection was taken to this statement by the defendant at the trial, and under Evans v. Penn Mutual Life Ins. Co., supra, the ruling was proper.

The 10th reason relates to the court's ruling on the testimony of F. J. Herbst, with reference to certain prescriptions which he filled for the insured. The testimony of this witness that the prescriptions were delivered to the insured was properly stricken out because the witness did not know. However, the defendant was allowed to examine the witness further and the jury had the benefit of the pertinent and proper parts of the witness' testimony.

The 6th, 7th, 11th, 12th, 13th, 14th, 15th, 16th, 17th and 18th reasons for a new trial all relate to the charge to the jury. These reasons allege in substance that the charge failed to explain the law applicable and misled the jury, and further that the court failed to review the testimony offered by defendant. No objection was made at the trial with reference to the alleged inadequacy of the review of the testimony, and there is no merit in this contention. The law applicable to the case was set out fully in the charge and carefully explained to the jury. The general statements of the law to which particular exception is taken were qualified and given a specific application to the facts in subsequent parts of the charge. The charge as a whole offers no valid reason for a new trial. Therefore, the motion for a new trial must be dismissed.

And now, this 7th day of September, 1938, defendant's motions for a new trial and for judgment non obstante veredicto on the point of law reserved are dismissed and the rules granted thereon are discharged.