## McJunkin *v.* Kiner, Appellant.

Argued April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Alex. A. Garroway,* with him *Edwin M. Clark,* for appellant.

*John S. Simpson,* with him *Fisher & Ruddock,* for appellee.

Opinion by Dithrich, J., July 19, 1945:

This action of assumpsit was brought on an oral contract providing for occupancy and operation by plaintiff of defendant's farm. The terms of the agreement were very much in dispute. It is not clear whether plaintiff was a "cropper" or a "tenant on the shares". (For distinction, see *McClarigan v. Matlack,* 98 Pa. Superior Ct. 483.) But the evidence on both sides tends to establish the following general provisions. Plaintiff agreed to live on the farm, take charge of it, carry on the farming and care for the stock. In return for his work, plaintiff was to receive one-half of the profits or proceeds, which included the crops, the income from the sale of the milk, and any increase in the stock. The agreement covered the period of time beginning around February 1, 1938, and ending December 31, 1939, but there was some dispute as to whether the plaintiff's leaving at that time was conditional.

Plaintiff entered upon the farm in February 1938 pursuant to the agreement. From time to time, the parties met to discuss the details of management. They fell into disagreement. At the end of 1939 the plaintiff

refused to leave the farm, claiming that he was entitled to remain on the farm until he received payment for his share from the defendant. Defendant brought eviction proceedings before a justice of the peace which resulted in a judgment in his favor. Plaintiff left the farm May 2, 1940. Thereafter, he brought this action, claiming of the defendant $426.65. Defendant denied liability and filed a counterclaim in the amount of $2,322.53. The case was tried before a jury and resulted in a verdict and judgment in favor of the plaintiff for $300. From the order refusing a new trial, the defendant appeals.

At the trial, the plaintiff was the first witness called. He was asked the following questions on cross examination by the defendant's attorney. "Q. Mr. McJunkin, early in January, 1940, did you receive a letter from Miller & Gessler, attorneys for Dr. Kiner, asking you to vacate the farm? A. Yes, that was after Mr. Gessler was out there. . . . Q. Do you have any idea of the date? . . . A. I have an idea it was about the middle of January, I wouldn't say for sure, because they were out there around the first of January. Q. When you say they were out there who do you mean? A. The first of January some time the Doctor and Gessler come out. Q. Why did they come out? A. They came out for a settlement, and they came there and offered me $250.00." The defendant immediately moved the court for the withdrawal of a juror and the continuance of the case, on the ground that the statement of the offer of settlement was not responsive to the question. The court refused the motion, but thoroughly and very explicitly instructed the jury to disregard the statement and to eradicate it from their minds. Appellant assigns as error the failure of the court to withdraw a juror and continue the case.

An offer to compromise or settle a pending controversy is not an admission of liability: *Folk v. Schaeffer,* 180 Pa. 613, 37 A. 104; *Fleischer v. Maryland Casualty Co.,* 108 Pa. Superior Ct. 461, 164 A. 824. Since an

unaccepted offer proves nothing, it is not admissible in evidence against the party by whom it was made: *Fisher v. Fidelity Mutual Life Assn. of Phila.*, 188 Pa. 1, 41 A. 467; *Duff v. Vogt*, 89 Pa. Superior Ct. 412. But the mere admission of improper evidence is not always ground for a new trial. Such an error may be cured and rendered harmless by striking out the evidence and eliminating it from the jury's consideration: *Lilly v. Metropolitan Life Insurance Co.*, 318 Pa. 248, 177 A. 779; *Mitchell v. Edeburn*, 37 Pa. Superior Ct. 223. However, if the evidence is of a sort that tends to prejudice the minds of the jurors, the error is not cured by instructions to disregard it: *Hamory v. Pennsylvania, M. & S. R. Co.*, 222 Pa. 631, 72 A. 227. Whether or not the error is corrected, therefore, involves a consideration of the circumstances under which the irrelevant evidence was given and its probable effect on the jury: *Saunders et al. v. Commonwealth*, 345 Pa. 423, 29 A. 2d 62. From the character of the evidence and the circumstances surrounding its admission, we are not persuaded that the appellant's case was prejudiced. The witness was testifying during an early part of a trial that lasted for more than three days. Therefore, no deep impression was made on the minds of the jurors just before they retired. The question was asked the plaintiff by the defendant's attorney on cross examination. In view of the line of questioning, the answer was not entirely unresponsive. It does not appear to have been made intentionally, but seems rather to have been an honest mistake. As the learned trial judge suggests in his opinion, it may well be argued that appellant's own counsel was responsible for its being made. And the jury was directed to disregard and forget the statement immediately after it was made. Under these circumstances, we do not think that the trial judge abused his discretion. The trial judge was in the best position to observe the effect the remark had on the jury. The question of the withdrawal of a juror and the continu-

ance of a case depends largely upon the atmosphere of the trial, and is a matter for the discretion of the presiding judge: *Stephens v. Sulkin*, 280 Pa. 211, 124 A. 476; *Swift v. Corrado*, 292 Pa. 543, 141 A. 491.

Appellant contends that appellee had no legal right to remain on the farm after January 1, 1940, and assigns as error the court's refusal to affirm appellee's point for charge to that effect. Whether or not the appellee had this right depended upon the terms of the oral contract. It was the contention of the appellee that there was to be a settlement and that he was to be paid for his interest before he left the farm. He testified that this was a condition precedent to his departure. The provision of the oral contract on this point was a question of fact; and as such it was properly submitted to the jury: *McCormack v. Jermyn*, 351 Pa. 161, 40 A. 2d 477.

The judgment is affirmed.